**UNITED STATES of America, Appellee,**

v.

**Joseph SANTOS, Appellant.**

**No. 25050.**

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1970.

Joseph Michael Smith (argued), F. Emmett Fitzpatrick, Fitzpatrick & Smith, Philadelphia, Pa., Barton C. Sheela, Jr., Sheela, Lightner, Hughes, Hilman & Castro, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and CRARY,* District Judge.

* Honorable E. Avery Crary, United States District Judge, Los Angeles, California, sitting by designation.

PER CURIAM.

Appeal by Joseph Santos from a judgment dismissing his motion pursuant to 28 U.S.C. § 2255.

The sole question concerns the application of the rule declared by the Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

Santos and two others, Lamenca and Meza-Bustamonte, were convicted, following a joint trial of smuggling and conspiring to smuggle marihuana into the United States in violation of 21 U.S.C. 176a. Lamenca did not take the stand, but one of the government witnesses testified over Santos' objection, concerning several admissions that Lamenca had made. The trial judge recognized that the evidence was hearsay as to Santos but, consistent with the then procedure sanctioned by Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), overruled the objection and limited its admission; additionally he carefully instructed the jury that the evidence might be considered only with respect to the prosecution against Lamenca.

Santos' contention, both below and on appeal, was and is that his inability to cross-examine Lamenca constituted a denial of his Sixth Amendment right of confrontation entitling him to relief under *Bruton*. We disagree.

In *Bruton* the Court expressly recognized that there are "many circumstances" in which a jury might be fairly expected to observe an instruction to disregard, but then concluded that in the particular milieu such as assumption was impermissible, for there the hearsay identified Bruton as a direct participant in the commission of the crime and thus was "powerfully incriminating" and "devastating" to him.

But Lamenca's statements cannot be so characterized, nor do they tend to incriminate Santos. True, they were in-consistent in some particulars with statements which the agents testified Santos had made to them, but the factual differences concerned matters unrelated to the issue of guilt. We are convinced that Lamenca's hearsay statements were not such that "the risk that the jury will not, or cannot, follow instruction is so great, and the consequences of the failure so vital to the defendant, that practical and human limitations of the jury system cannot be ignored." *Bruton*, 391 U.S. p. 135, 88 S.Ct. 1627.[1]

Affirmed.

---

1. In the view of the experienced trial judge "[t]o say a jury would not follow admonitions of the court to disregard statements of this nature as not binding upon a co-defendant would be to label the jury system a total failure."